IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

FAYE RENNELL HOBSON (MORALES)    )
                                                       )
        v.                                            )      NO. 3:21-00405
                                                       )
KAYLA BILLOTTE, et al.              )

**TO: Honorable William L. Campbell, Jr., District Judge**

# R E P O R T   A N D   R E C O M E N D A T I O N

This *pro se* case has been referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72 of the Federal Rules of Civil Procedure, and the Local Rules of Court. *See* Order entered June 4, 2021 (Docket Entry No. 4).

Presently pending before the Court are: (1) the motion to dismiss of the City of Clarksville, Tennessee (on behalf of Kayla Billotte and the Clarksville Police Department) (Docket Entry No. 10) and (2) the motion to dismiss of Nicholas Oakes and Montgomery County, Tennessee (named as Clarksville Montgomery County Tennessee Sheriff Department) (Docket Entry No. 23). Plaintiff has responded in opposition to the motions. For the reasons set out below, the undersigned respectfully recommends that these motions be granted. Also before the Court is Plaintiff's motion for leave to file an amended complaint (Docket Entry No. 36). For the reasons set out below, the Court recommends that this motion be denied.

# I. BACKGROUND

Faye Rennell Hobson (Morales) ("Plaintiff) initiated this *pro* se lawsuit on May 20, 2021, by filing a complaint under 42 U.S.C. § 1983 for violations of her federal, constitutional rights. *See* Complaint (Docket Entry No. 1). The lawsuit filed by Plaintiff actually consists of two, separately signed complaints that were attached together and filed as a single filing. The first is a typed complaint, *id* at 1-4, and the second is a form civil rights complaint that was filled out by Plaintiff. *Id*. at 5-10. Given that the two complaints were filed together as a single filing, the Court views them as a single complaint and pleading. Plaintiff demands a jury trial and seeks various forms of relief, including compensatory and punitive damages. *Id.* at 2.

Plaintiff appears to name four defendants in her pleading. Two of the defendants are clearly identified as Kayla Billotte ("Billotte"), an officer with the Montgomery County Police Department, and Nicholas Oakes ("Oakes"), an officer with the Montgomery County Sheriff's Department, both of whom are specifically named in only their official capacities. *Id*. at 6. It is unclear exactly who Plaintiff intends to name as the other two defendants. Plaintiff lists the Montgomery County Police Department ("Police Department") and the Clarksville Montgomery County Sheriff's Department ("Sheriff's Department") in the case heading and as defendants. *Id*. at 7. She also lists Police Chief David Crockarell ("Crockarell") and Sheriff John Fuson ("Fuson") in conjunction with listing the respective police and sheriff's departments as defendants, *id*. at 7, and lists them individually as having acted under color of state law. *Id*. at 8. However, Plaintiff names them in only their official capacities and makes no factual allegations against them. *Id*. at 8.

2

Likewise, Plaintiff's pleading contains virtually no factual allegations about the events upon which the lawsuit is based. The only factual allegations that can be gleaned from Plaintiff's pleading are that Oakes arrested Plaintiff on May 20, 2020, on the first floor of the Montgomery County Courthouse and that Billotte is alleged to have "falsified a police report." *Id*. at 8. Plaintiff lists six claims: (1) "false arrest/false imprisonment, Tennessee Code 39-13-302 (2017);" (2) violation of 42 U.S.C. 1983 (Plaintiff contends that her Fourth Amendment rights and Fourteenth Amendment Due Process rights have been violated, *id*. at 7); (3) failure to train and negligent hiring and retention; (4) malicious prosecution; (5) intentional infliction of emotions distress; and, (6) "Prohibition of Racial Discrimination: Tennessee Code: 7-82-106 and Discrimination Prohibited: Tennessee Code 4-21-501(2015)." *Id*. at 2.

Although Plaintiff shipped copies of her complaint to Billotte, Oakes, Crockarell, and Fuson, and to Clarksville City Attorney Lance Baker, on May 20, 2021, by means of United Parcel Services ("UPS"), *see* Plaintiff's notice (Docket Entry No. 5), she did not have summonses issued in the case until June 7, 2021. *See* Docket Entry No. 6. She then separately shipped copies of her complaint and a summons, again by UPS, to Billotte and Crockarell at the Police Department and to Oakes and Fuson at the Sheriff's Department, and she filed proof of service forms stating that they had been served by means of her UPS shipping on June 8, 2021. *See* Docket Entry No. 8.

In response to the lawsuit, the pending motions to dismiss were filed. Plaintiff's contested requests for the entry of default against Oakes and the Fuson were denied by the Clerk of Court on September 14, 2021, upon the Clerk's finding that (1) Plaintiff had not verified proof of service

3

because her usage of the UPS shipping service did not qualify as service of process under Rule 4 of the Federal Rules of Civil Procedure and (2) Defendants had expressed a clear intent to defend the action, as evidenced by the entry of an appearance by counsel on their behalf, their responses in opposition to the requests for entry of default, and their filing of a motion to dismiss. *See* Denial of Entry of Default at Docket Entry No. 40.

In addition to opposing the motions to dismiss, Plaintiff has filed a motion for leave to file an amended complaint. (Docket Entry No. 36.) By her proposed amendment, she seeks to add seven, new defendants to this case and sets forth legal arguments as to the merits of some of the six claims raised in her original complaint.

## II. THE MOTIONS TO DISMISS

The City of Clarksville, Tennessee ("the City of Clarksville"), on behalf of Billotte and the Police Department, seeks to dismiss the case under Rules 12(b)(2), (4), (5), and (6) of the Federal Rules of Civil Procedure. As grounds for dismissal, the City of Clarksville argues: (1) Plaintiff's claims are time barred by the applicable statutes of limitation; (2) the complaint should be dismissed for insufficient process and insufficient service of process; (3) the Police Department is not a legal entity that can be sued and Plaintiff's official capacity claims should be viewed as claims against the City of Clarksville; (4) Plaintiff fails to set out facts sufficient to support her asserted claims and her complaint therefore fails to state a claim upon which relief can be granted; and, (5) the Tennessee Governmental Tort Liability Act, Tenn. Code Ann. § 29-20-201 *et seq.*, provides the City of Clarksville with sovereign immunity from liability for Plaintiff's state law

4

claims. (Docket Entry No. 12.) The motion to dismiss is supported with the affidavits of Billotte and Crockarell, a copy of an affidavit of complaint from Billotte, dated May 16, 2020, and a copy of an arrest warrant for Plaintiff, dated May 20, 2020, signed by Oakes. (Docket Entry No. 13.)

Oakes and Montgomery County, Tennessee ("Montgomery County"), on behalf of the Sheriff's Department, seek to dismiss the case under Rules 12(b)(4) and (5), arguing that Plaintiff has failed to properly serve them with process. They contend that the Sheriff's Department is not a legal entity capable of being sued and that Plaintiff's claims against the Sheriff's Department and against Oakes in his official capacity are, under the law, claims against Montgomery County even though Plaintiff has not specifically named Montgomery County as a defendant in the case. (Docket Entry No. 24.) They then argue that Plaintiff has not properly served Montgomery County in accordance with the manner of service required upon a local government under Rule 4(j)(2) of the Federal Rules of Civil Procedure. *Id.*

Plaintiff filed various responses in opposition to the motions to dismiss. *See* Plaintiff's responses in opposition (Docket Entry Nos. 27 and 28), response to the City of Clarksville's evidentiary filings (Docket Entry Nos. 29-33), and motion to deny Defendants' late filing (Docket Entry Nos. 34-35). Plaintiff asserts that her civil rights were violated and that she is entitled to seek redress for these violations, that Defendants have not raised a meritorious defense to any of her claims, and that it is obvious from Defendants' own filings that they received copies of the summons and complaint and were therefore served with process.

5

## III. STANDARDS OF REVIEW

A motion seeking dismissal under Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) challenges the adequacy of process and/or "the manner or method of service" of a summons or complaint. *Buck Mountain Cmty. Org. v. Tenn. Valley Auth.*, 629 F. Supp. 2d 785, 792 n.5 (M.D. Tenn. 2009). In deciding a motion to dismiss under Rules 12(b)(4) and (5), the court may refer to record evidence in determining the sufficiency of service[,]" including "uncontroverted affidavits[.]" *Metro. Alloys Corp. v. State Metals Indus., Inc.*, 416 F. Supp. 2d 561, 563 (E.D. Mich. 2006); *see also Wanke v. Invasix Inc.*, 2020 WL 2542594, at *5 (M.D.Tenn. May 19, 2020) (finding that the Court may consider "record evidence in determining the sufficiency of service" under Rule 12(b)(5)). It is the plaintiff's burden to establish that service was proper. *See Sawyer v. Lexington-Fayette Urban Cty. Gov't*, 18 Fed.App'x 285, 287 (6th Cir. 2001).

A motion seeking dismissal under Rule 12(b)(6) is reviewed under the standard that the court must accept all of the well pleaded allegations contained in the complaint as true, resolve all doubts in Plaintiff's favor, and construe the complaint liberally in favor of the *pro se* Plaintiff. *See Kottmyer v. Maas*, 436 F.3d 684 (6th Cir. 2006); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987). However, Plaintiff must nonetheless provide factual grounds supporting the asserted claims for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The complaint must contain either direct or inferential factual allegations that are sufficient to sustain a plausible claim for recovery under some viable legal theory. T*wombly*, 550 U.S. at 555-61; *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-37 (6th Cir. 1988).

The well pleaded factual allegations must "do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

## IV. ANALYSIS

### A. Motions to Dismiss

The motions to dismiss raise valid arguments for dismissal. Even though Plaintiff must be given some leniency in her pleadings because of her *pro se* status,[1] a liberal construction is not enough to save Plaintiff's pleading from dismissal. Further, Plaintiff has not shown any basis for concluding that her attempts to serve process upon Defendants comply with the Federal Rules of Civil Procedure. In the end, the Court has before it (1) the absence of a properly served Defendant and (2) a complaint that is subject to dismissal.

Plaintiff has not properly served process upon anyone in this case. Plaintiff's act of sending a copy of only her complaint to Billotte, Oakes, Fuson, Crockarell, and the City of Clarksville Attorney on May 20, 2021, prior to the issuance of a summons, fails to accomplish service of process under the Federal Rules of Civil Procedure because proper service of process requires that "[a] summons must be served with a copy of the complaint." Federal Rule 4(c)(1).

---

1 The Court agrees with Plaintiff's assertion that she is an experienced *pro se* litigant, *see* Docket Entry No. 36 at 2, and notes that she has filed six prior *pro* se cases in this Court: *Hobson v. Mattis*, 3:14-01540; Hobson v. Carter, 3:15-00741; Hobson v. Carter, et al., 3:16-00774; Hobson v. Mattis, 3:17-01485; Hobson v. Barrett Johnston, 3:18-00838; Hobson, et al. v. Esper, 3:20-00076.

7

Case 3:21-cv-00405   Document 42   Filed 09/23/21   Page 7 of 20 PageID #: 257

Whatever purpose Plaintiff believes is served by providing the complaint to Defendants unaccompanied by a summons, it does not constitute service of process.

Next, and most importantly, Federal Rule 4(j)(2) sets out a clear and specific method of serving process upon a state or local government, such as the City of Clarksville and Montgomery County,² by providing that a local government subjected to a lawsuit must be served by: "(A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Rule 4(j)(2)(A)-(B). Under Tennessee law, service upon a county may only occur "by delivering a copy of the summons and of the complaint to the chief executive officer of the county, or if absent, from the county, to the county attorney if there is one designated; if not, by delivering the copies to the county clerk." Tenn.R.Civ.P. 4.04(7). Similarly, service upon a municipality may only occur by delivering a copy of the summons and complaint "to the chief executive officer thereof, or to the city attorney." Tenn.R.Civ.P. 4.04(8). *See State ex rel. Barger v. City of Huntsville*, 63 S.W.3d 397, 399 (Tenn.Ct.App. 2001) (affirming the dismissal of two separate actions against municipality based on insufficiency of service of process under

---

,² As further discussed, because the Police and Sheriff's Departments are not legal entities capable of being sued and because Plaintiff's official capacity claims are essentially claims against the City of Clarksville and Montgomery County, the only actual defendants in this case are the City of Clarksville and Montgomery County. Even though claims against local governments may be brought by virtue of official capacity claims against individual employees, Plaintiff must still follow the rules governing service of process on municipal entities. *See Libertarian Party of Ohio v. Wilhelm*, 417 F.Supp.3d 982, 985 (S.D.Ohio 2019) (collecting cases for the proposition that, "for suits against authorities in their official capacities, service must be made pursuant to Federal Rule of Civil Procedure 4(j)").

Rule 4.04(8) where copies of the summonses and complaints were left with the city recorder in the mayor's office rather than served personally upon the mayor). Plaintiff has not shown that she attempted, let alone satisfied, the acceptable methods of serving process upon the City of Clarksville and Montgomery County.

Finally, to the extent that Plaintiff has attempted to serve process on Billotte, Oakes, Fuson, and Crockarell individually, she has not shown that she properly served process upon them. Rule 4(e) of the Federal Rules of Civil Procedure provides that service of process may be made upon an individual defendant either by one of the three methods listed in Rule 4(e)(2) or, alternatively, by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Rule 4(e)(1). The proofs of service filed by Plaintiff state that she did not rely upon any of the three methods specifically listed in Rule 4(e)(2) for obtaining service or process and instead lists "other" and references tracking information from UPS, a private shipping carrier that she used to deliver copies of the complaint and summons. *See* Docket Entry No. 8.

Because service of process by mail is not contemplated by Rule 4(e)(2), Plaintiff's attempted service of process via UPS must comply with Tennessee state law as required by Rule 4(e)(1). Under Tennessee law, service of process may be achieved by mail as follows:

> Service by mail of a summons and complaint upon a defendant may be made by the plaintiff, the plaintiff's attorney or by any person authorized by statute. After the complaint is filed, the clerk shall, upon request, furnish the original summons, a certified copy thereof and a copy of the filed complaint to the plaintiff, the plaintiff's attorney or other authorized person for service by mail. Such person shall send, postage prepaid, a certified copy of the summons and a copy of the complaint by registered return receipt or certified return receipt mail to the defendant. If the defendant to be served is an individual or entity covered by subparagraph (2), (3),

(4), (5), (6), (7), (8), or (9) of this rule, the return receipt mail shall be addressed to an individual specified in the appliable subparagraph.

Tenn.R.Civ.P. 4.04(10). Tenn.R.Civ.P. 4.04(3) further provides that when process is served by mail, "the return receipt shall be sent to and filed by the clerk" and "[i]f the return receipt is signed by the defendant, or by a person designated by Rule 4.04 or by statute, service of the defendant shall be complete. If not, service may be attempted again or by other methods authorized by these rules or by statue may be used."

Plaintiff's attempted service via UPS fails to suffice as proper service of process. First, Plaintiff has shown no authority for using a private shipping service to achieve service of process in lieu of using the United States Postal Service. The Court finds persuasive the decision in *Estate of Lockner v. Woodard*, 2021 WL 2154168, at *2 (E.D.Tenn. Apr. 27, 2021), report and recommendation adopted sub nom. *Estate of Lockner v. Washington Cty.*, 2021 WL 2143128 (E.D.Tenn. May 26, 2021), in which the court found the Rule 4.04(10) does not permit the use of a private package service to accomplish service of process by mail.

Additionally, even if delivery of the complaint and summons by UPS is an acceptable form of "service by mail" under Tenn.R.Civ.P. 4.04(10), Plaintiff has not demonstrated proper service in accordance with Rule 4.03(2), which deems that service is complete upon the filing of a return receipt signed by either the defendant personally or by a person designated in Rule 4.04 or relevant statute to accept service. Plaintiff's own proofs of service demonstrate her failure to satisfy this requirement. First, the tracking information supplied by Plaintiff with her proofs of service is not registered or certified return receipts as those terms are commonly and generally understood and as is required to be provided by the Rule 4.03(2) and 4.04. Second, the tracking information itself

10

shows that the UPS packages sent to Oakes, Fuson, and Crockarell were not signed for by them personally, *see* Docket Entry No. 8 at 7, 10, and 13, and there is no evidence that they were signed for by anyone designated by Rule 4.04 or by statute to accept service of process.[3] These are the only two means permitted by Tennessee law for showing service by mail upon an individual. *Hall v. Haynes*, 319 S.W.3d 564, 577 (Tenn. 2010) (discussing Rule 4.03's explicit restriction of who may sign the return receipt). Accordingly, Plaintiff has not shown completed and proper service of process by mail under Tennessee law for these three attempts at service.

None of Plaintiff's arguments regarding service of process show either that she has obtained proper service of process in this case or that she should be excused from this obligation. Although Plaintiff refers to service of process pursuant to the steps set out in Federal Rule 4(i)(1), *see* response in opposition (Docket Entry No. 27) at 2, Rule 4(i) pertains to serving process upon the United States and its agencies, corporations, officers, and employees, none of whom are sued in this case. Rule 4(i) does not apply.

Plaintiff argues that Billotte, Oakes, Fuson, and Crockarell received the complaint and summons from her UPS shipping and have therefore been served, *id*. at 3-4; Plaintiff's affidavit (Docket Entry No. 35) at 3, a defendant's receipt of the complaint and summons from another source or a defendant's actual knowledge of the lawsuit does not relieve Plaintiff from the obligation of showing that she has obtained proper service of process upon a defendant because

---

[3] Although the attachments to Plaintiff's proof of service for Billotte states that she signed for the UPS delivery of the complaint and summons on June 8, 2021, *see* Docket Entry No. 8 at 3, Billotte attests in her affidavit that she did not sign for the envelope. *See* Docket Entry No. 13-1 at ¶ 9.

11

Sixth Circuit law is clear that "actual knowledge of a lawsuit [will not] substitute for proper service." *LSJ Inv. Co., Inc., v. OLD, Inc.*, 167 F.3d 320, 324 (6th Cir. 1999).

Plaintiff's failure to show that she has effected proper service of process in this case alone warrants the dismissal of the case since the time provided by Rule 4(m) for serving process has now expired.[4] Nonetheless, even if service of process was not an issue, the complaint filed by Plaintiff suffers from substantive insufficiencies that cannot be overlooked.

Generally, the complaint is so sparse in terms of the inclusion of factual allegations that it cannot be read, even with a liberal construction, to set forth factual allegations that support any of the six claims set out in the complaint. In making such a determination, the Court is required to assume as true the well-pleaded factual averments contained in the complaint; however, there simply are no such factual averments included in the complaint that Plaintiff has filed. While it is true, as Plaintiff states in one of her filings, that "she is not required to write a book," *see* response in opposition at 4, she is, nonetheless, required to set forth sufficient factual allegations to show that she is entitled to relief on the legal claims that she brings. *Twombly*, 550 U.S. at 555. To state a plausible claim for relief, the alleged facts must provide "more than a sheer possibility that a defendant has acted unlawfully." *Mik v. Federal Home Loan Mortg. Corp.*, 743 F.3d 149, 157 (6th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Even this bare minimum standard has not been

---

[4] Given the sometimes difficult task of perfecting service of process, *pro se* parties are often granted extra time to perfect service of process. In the instant case, however, the justification for extra time is largely negated by Plaintiff's own actions of adhering to meritless positions on the issue of service of process and failing to make any attempts to correctly re-serve Defendants in the approximately three months after the first motion to dismiss was filed and she was alerted to deficiencies of her attempts at service of process.

12

met here. Indeed, a reader of the complaint can only determine from the facts included in the complaint that Plaintiff was arrested by Oakes on May 20, 2020, at the Montgomery County Courthouse. Deducing anything beyond this requires complete speculation, which is not sufficient to support a viable complaint. The Court cannot supply or assume facts that are not pled. *See Thompson v. A.J. Rose Mfg. Co.*, 208 F.3d 215 (6th Cir. 2000); *Bell v. Tennessee*, 2012 WL 996560, *9 (E.D. Tenn. March 22, 2012). The Court is limited to the facts raised in the pleading and may not take into account additional facts asserted in other filings, such as the filings opposing a motion to dismiss, because such filings are not pleadings under Rule 7(a). *See Johnson v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.*, 502 Fed.App'x 523, 541-42 (6th Cir. 2012); *Laporte v. City of Nashville*, 2019 WL 845413 at *3 (M.D.Tenn. Feb. 21, 2019).

Further, the complaint does not even remotely contain factual allegations that support legal claims against the only actual defendants in this case. To the extent that Plaintiff seeks to name the Police Department or the Sheriff's Department as defendants, those local government agencies are not legal entities that can be sued. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (a police department is not an entity which can be sued under § 1983); *Mathes v. Metropolitan Gov't of Nashville & Davidson Cnty.*, 2010 WL 3341889, *1 (M.D. Tenn. Aug. 25, 2010) (Trauger, J.) ("[F]ederal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit."); *Buchannan v. Williams*, 434 F.Supp.2d 521, 529 (M.D.Tenn. 2006). Additionally, Plaintiff's official capacity claims against Billotte and Oakes, and against Fuson and Crockarell to the extent that they are actually named as defendants, are for all purposes viewed as claims against the municipal

13

government represented by these individuals. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1245 (6th Cir. 1989); *Autry v. Hooker*, 304 S.W.3d 356, 364 (Tenn.Ct.App. 2009). For these reasons, as correctly pointed out in the motions to dismiss, the actual defendants in this case are the local governments of the City of Clarksville and Montgomery County.

However, pursuing a claim against defendants such as the City of Clarksville and Montgomery County requires much more than what is included in Plaintiff's complaint. Contrary to Plaintiff's apparent belief, *see* response in opposition at 6, she cannot pursue a claim under Section 1983 against the City of Clarksville or Montgomery County based upon a theory of *respondeat superior* or vicarious liability based on alleged wrongdoing of one of their respective employees. It is well-settled that these theories of liability do not support a claim under Section 1983. *Connick v. Thompson*, 563 U.S. 51, 60 (2011); *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691 (1978). Pursuing a municipal liability claim requires factual allegations of actual wrongdoing on the part of the municipal entity. Such allegations must be sufficient to show that the municipal entity was the moving force behind or the cause of the violations at issue. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989); *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981). A municipal liability claim cannot be based on a conclusory allegation of a failure to train. Plaintiff's assertion of a claim of "failure to train and negligent hiring and retention" is merely a legal conclusion and does not actually state facts supporting such a claim. Her complaint fails to state claims for relief against the City of Clarksville or Montgomery County because there are absolutely no facts alleged which even remotely show that any of the alleged wrongdoings that

occurred were the result of a municipal policy or custom. There is simply no plausible claim against either the City of Clarksville or Montgomery County that is supported by any fact contained in Plaintiff's complaint.

Plaintiff's complaint warrants dismissal under Rule 12(b)(6) because it is so lacking in supporting factual allegations that it fails to state plausible claims for relief. Given this deficiency as to an underlying and threshold requirement for a viable complaint, it is premature to even address the statute of limitations and other defenses raised in the motion to dismiss of the City of Clarksville.

B. Motion for Leave to File an Amended Complaint

Approximately two and a half months after filing her complaint, Plaintiff now requests leave to file an amended complaint. By her proposed amendment, Plaintiff seeks to add seven new defendants to this case: (1) Montgomery County Mayor Jim Durrett; (2) City of Clarksville Mayor Joe Pitts; (3) Daniel Ufford, who appears to be Plaintiff's attorney; (4) Ernest Rice, described as a private investigator and process server; (5) John Carney, Jr., the District Attorney for the 19th Judicial District; (6) Raymond Grimes, a former and now deceased state court judge; and (7) Michael Williams. *See* motion for leave to amend (Docket Entry No. 36) at 1-2; proposed amended complaint (Docket Entry No. 36-1) at 6.

Although Rule 15(a)(2) provides that leave to amend should be freely given "when justice so requires," leave to amend may be denied for an "apparent or declared reason." *Foman v. Davis*, 371 U.S. 178, 182 (1962). One of the reasons upon which a motion to dismiss should be

15

denied is if the proposed amendments would be futile because the amendment would not withstand a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Foman*, *supra*; *Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006); *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005); *Thiokol Corp. v. Department of Treasury*, 987 F.2d 376 (6th Cir. 1993); *Marx v. Centran Corp.*, 747 F.2d 1536, 1550 (6th Cir. 1984); *Development Corp. v. Advisory Council on Historic Preservation*, 632 F.2d 21, 23 (6th Cir. 1980). The policy behind the futility doctrine is to prevent the expenditure of unnecessary effort and resources by both the parties and the court. *See, e.g., Matlock v. Rose*, 731 F.2d 1236, 1240-41 (6th Cir. 1984).

The Court recommends that Plaintiff's request to amend be denied as futile.[5] The proposed amendment is futile as it pertains to the seven new individuals sought to be added because the proposed amended complaint fails to set out factual allegations that would support viable claims for relief against them under any of the six claims brought by Plaintiff. Although Plaintiff describes who the individuals are, with the exception of Michael Williams, she fails to set out any factual allegations of what these individuals are alleged to have done, let alone any factual support for a viable claim of legal wrongdoing against them. Although Daniel Ufford and Ernest Rice are alleged to be "conspirator[s]," *see* proposed amendment at 6, such an allegation is entirely

---

[5] Although a motion to amend is generally viewed as a non-dispositive motion that is subject to being ruled on by the magistrate judge by an order, *see, e.g., Gentry v. The Tennessee Board of Judicial Conduct*, 2017 WL 2362494 at *1 (M.D. Tenn. May 31, 2017) ("Courts have uniformly held that motions to amend complaints are non-dispositive matters that may be determined by the magistrate judge") (citations omitted), because the denial of the instant motion to amend as futile would effectively result in the dismissal of the case, the motion has been addressed by the undersigned through a report and recommendation.

16

conclusory and fails to sustain a viable claim for relief. *See Scott v. Norton*, 96 Fed.Appx. 378, 380 (6th Cir. April 28, 2004) (bare assertion of a conspiracy is not sufficient to state a claim for relief); *Sanchez v. Deloitte Servs., LP*, 2019 WL 5555541 at *8 (M.D.Tenn. Oct. 28, 2019) (Trauger, J.) (conclusory allegations of a conspiracy were not sufficient to support a viable claim sought to be raised in a proposed amended complaint). Similarly, although Plaintiff suggests in her motion for leave to amend that several of the new defendants "played a major role" in Plaintiff's false arrest, *see* Docket Entry No. 36 at 3, this assertion is conclusory and is unsupported by any factual allegations in the proposed amended complaint that would support a viable claim for relief. Finally, it is apparent from Plaintiff's motion for leave to amend, *id* at 2, that she seeks to add the respective county and city mayors as defendants based on their supervisory roles as the chief executives for Montgomery County and the City of Clarksville, not because of any direct, personal action they took with respect to Plaintiff's arrest.

The Court further notes that, although the lack of factual allegations in the proposed amended complaint is a sufficient basis to conclude that the proposed amendment is futile, substantial legal defenses would also appear to exist that would, in all likelihood, promptly require the dismissal of the asserted claims against these defendants, including the defenses of the statute of limitations, judicial immunity, and prosecutorial immunity.

Finally, although the proposed amended complaint includes some new factual allegations of what occurred when Plaintiff was arrested, *see* Docket Entry No. 36-1 at 2-6, these factual allegations do not cure the deficiency of her original complaint as far as the viability of her official capacity claims. As previously discussed, these claims are for all purposes claims against the City

17

of Clarksville and Montgomery County. The only allegation in the proposed amended complaint that is directed at these governmental entities is that their respective law enforcement departments "approved the 'unconstitutional arrest' and failed to train officers on proper protocol of Fourth and Fifth Amendment rights of those when they make an arrest." *See* Docket Entry No. 36-1 at 1-2. While this allegation is more than what is contained in the original complaint, the allegation remains conclusory and unbuttressed by any specific factual allegations that would support a viable claim under Section 1983 against the City of Clarksville and Montgomery County.

With respect to any possible liability against the City of Clarksville and Montgomery County under state law for Plaintiff's claims, pursuit of such claims, even if they were supported by factual allegations in the proposed amended complaint, would be futile because of a clear legal defense of immunity under the Tennessee Governmental Tort Liability Act ("TGLA"), Tenn. Code Ann. § 29-20-101 *et seq*. The TGTLA codifies Tennessee's common law rules concerning sovereign immunity and states exceptions to the general grant of immunity from suit that is applicable to state and local governments. *See Limbaugh v. Coffee Med. Ctr.*, 59 S.W.3d 73, 79 (Tenn. 2001). The TGTLA provides that, with certain exceptions provided in the statute, governmental entities are immune from lawsuits arising from the exercise or discharge of their governmental or proprietary functions. Tenn. Code Ann. § 29-20-201(a). One of the exceptions is that governmental entities are generally not immune where a plaintiff's injuries result from the negligence of a governmental employee. Tenn. Code Ann. § 29-20-205. However, the TGTLA expressly retains the immunity from suit enjoyed by governmental entities for injuries arising out of "false imprisonment pursuant to a mittimus from a court, false arrest, malicious prosecution,

18

intentional trespass, abuse of process, libel, slander, deceit, interference with contract rights, infliction of mental anguish, invasion of right of privacy, or civil rights." Tenn. Code Ann. § 29–20–205(2).

Section 205 of the TGTLA has been routinely interpreted to provide immunity to state and local governmental entities, such as the City of Clarksville and Montgomery County, from liability claims for false imprisonment, false arrest, malicious prosecution, intentional infliction of emotional distress, and claims arising from a violation of civil rights. *Johnson v. City of Memphis*, 617 F.3d 864, 872 (6th Cir. 2010); *Siler v. Scott*, 591 S.W.3d 84, 95-98 (Tenn.Ct.App. 2019); *Crowe v. Bradley Equip. Rentals & Sales, Inc.*, 2010 WL 1241550 at *4 (Tenn.Ct.App., filed Mar. 31, 2010). Likewise, immunity exists under the TGLTA for any state law claim against the City of Clarksville and Montgomery County premised upon allegations of a negligent failure to train, supervise, hire, or retain employees. *Savage v. City of Memphis*, 620 Fed.App'x 425, 429 (6th Cir. 2015). Thus, Plaintiff's pursuit of her claims against the City of Clarksville and Montgomery County would be futile even if the proposed amended complaint was before the Court.

## RECOMMENDATION

Based on the foregoing, it is respectfully RECOMMENDED that:

(1) the motion to dismiss of the City of Clarksville, Tennessee (on behalf of Kayla Billotte and the Clarksville Police Department) (Docket Entry No. 10) and (2) the motion to dismiss of Nicholas Oakes and Montgomery County, Tennessee (named as Clarksville Montgomery County Tennessee Sheriff Department) (Docket Entry No. 23) be GRANTED;

19

2) Plaintiff's motion for leave to file an amended complaint (Docket Entry No. 36) be DENIED; and,

3) this action be DISMISSED.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

                                      Respectfully submitted,

                                      BARBARA D. HOLMES
                                      United States Magistrate Judge