IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| FAYE RENNELL HOBSON (MORALES), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:21-cv-00405 |
| | ) | |
| KAYLA BILLOTTE, *et al.*, | ) | JUDGE CAMPBELL |
| | ) | MAGISTRATE JUDGE HOLMES |
| Defendants. | ) | |

## ORDER

Pending before the Court are Plaintiff's *pro se* motions (Doc. Nos. 48, 49) to alter or amend or reconsider the Court's October 18, 2021 Order (Doc. No. 47) dismissing this action. Defendants Nicholas Oakes, Montgomery County, and the City of Clarksville filed responses in opposition. (Doc. Nos. 50, 51). The Court construes Plaintiff's motions as motions to alter or amend the order under Federal Rule of Civil Procedure 59(e) and/or as motions for relief from the order of dismissal under Federal Rule of Civil Procedure 60(b). For the reasons discussed below, Plaintiff's motions (Doc. Nos. 48, 49) are **DENIED**.

A court may alter or amend its judgment under Rule 59(e) because of an intervening change in the controlling law, newly discovered evidence, or to correct a clear error of law or prevent a manifest injustice. *See Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009). Motions to reconsider under Rule 60(b) provide an opportunity for the court to correct manifest errors of law or fact and to review newly discovered evidence or to review a prior decision when there has been a change in the law. *See* Fed. R. Civ. P. 60(b). The decision to grant or deny such motions is within the discretion of the district court. *See Betts*, 558 F.3d at 467*; FHC Equities, L.L.C. v. MBL Life Assurance Corp.*, 188 F.3d 678, 683 (6th Cir. 1999).

Here, Plaintiff fails to raise any valid grounds for the Court to alter, amend, or reconsider its prior Order. Plaintiff neither asserts nor demonstrates an intervening change in controlling law has occurred or that that a clear error of law or newly discovered evidence exists. Instead, Plaintiff contests the timeliness of her objections to the Magistrate Judge's Report and Recommendation. The timeliness of Plaintiff's objections is immaterial because the Court considered Plaintiff's objections on the merits. Accordingly, Plaintiff's Motions (Doc. Nos. 48, 49) are **DENIED**.

It is so **ORDERED**.

WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE